IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-15-676-W |
| v. | ) | |
| | ) | |
| O.U. MED. CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a prolific prisoner litigant appearing *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. With his Complaint, Plaintiff has filed an application seeking leave to proceed *in forma pauperis.* (Doc. # 5). Plaintiff has also filed "Plaintiff's Filing Restriction Affidavit." (Doc. # 2). For the reasons set out below, it is recommended that Plaintiff's application be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the full $400.00 filing fee in order to proceed with this action.

Because of his repeated abusive, frivolous pleadings, Plaintiff has been sanctioned by the United States Supreme Court, see In re Berryhill, __ U.S. __, 131 S.Ct. 490 (2010), the United States Court of Appeals for the Tenth Circuit, see, e.g., Berryhill v. Evans, 466 F.3d 934 (10th Cir. 2006), and this Court, see Berryhill v. Miles-LaGrange, Case No. CIV-14-1069-W (W.D. Okla. Oct. 8, 2014)(Order, West, D.J.).

Numerous civil actions filed by Plaintiff in this Court and other courts have been

1

found to be frivolous. See, e.g., Berryhill v. United States, Case No. CIV-14-288-W (W.D. Okla. Apr. 28, 2014)(Order, West, D.J.); Berryhill v. Dept. of Justice, Case No. CIV-14-287-W (W.D. Okla. Apr. 28, 2014)(Order, West, D.J.); Berryhill v. Epperley, Case No. CIV-14-159-FHS-SPS (E.D. Okla. May 22, 2014)(Opinion and Order, Seay, D.J.); Berryhill v. President of Okl. City OK N.A.A.C.P, Case No. CIV-13-474-W (W.D. Okla. June 17, 2013)(Order, West, D.J.); Berryhill v. United States, Case No. CIV-12-225-C (W.D. Okla. May 5, 2012)(Order Adopting Report and Recommendation, West, D.J.).

On numerous occasions, this Court has denied Plaintiff leave to proceed *in forma pauperis* because he failed to satisfy the prerequisites for *in forma pauperis* status under 28 U.S.C. § 1915(g) in light of his history of filing frivolous lawsuits. Berryhill v. United States, Case No. CIV-14-91-W (W.D. Okla. Mar. 6, 2014)(Order, West, D.J.); Berryhill v. State of Oklahoma, Case No. CIV-13-1370-W (W.D. Okla. Feb. 26, 2014)(Order, West, D.J.); Berryhill v. United States, Case No. CIV-13-1267-W (W.D. Okla. Jan. 21, 2014)(Order, West, D.J.); Berryhill v. Oklahoma Dep't of Corr., Case No. CIV-12-279-W (W.D. Okla. Apr. 20, 2012)(Order, West, D.J.); Berryhill v. Workman, Case No. CIV-11-363-W (W.D. Okla. Aug. 15, 2012)(Order, West, D.J.); Berryhill v. Jones, Case No. CIV-11-307-D (W.D. Okla. Apr. 21, 2011)(Order, DeGiusti, D.J.); Berryhill v. Miles-LaGrange, Case No. CIV-10-802-HE (W.D. Okla. Sept. 30, 2010)(Order, Heaton, D.J.); Berryhill v. Greenway, Case No. CIV-10-714-D (W.D. Okla. Aug. 4, 2010)(Order, DeGiusti, D.J.); Berrryhill v. Halvorson, Case No. CIV-08-197-D (W.D. Okla. Apr. 24, 2008)(Order, DeGiusti, D.J.); Berryhill v. Poppell, Case No. CIV-99-407-T (W.D. Okla. May 25,

1999)(Order, Thompson, D.J.).

In the instant action, Plaintiff again seeks leave to proceed *in forma pauperis*. In his Complaint, Plaintiff alleges he is in "deadly physical imminent danger." Plaintiff demands "emergency injunctive release [sic] against each Respondent." Complaint (Doc. # 1), at 1. His allegations, however, do not present facts demonstrating that he is "under imminent danger of serious physical injury," as required by 28 U.S.C. § 1915(g).

Plaintiff alleges in the Complaint that he refused medical treatment at the University of Oklahoma Medical Center ("OUMC") on one occasion because he did not understand the diagnosis and/or did not wish to undergo the medical treatment offered by the treating medical professionals at OUMC. The Complaint includes the now-familiar allegations that individuals are conspiring against him and conspiring to retaliate against him, but nothing in the Complaint or accompanying pleadings demonstrates the required showing that Plaintiff is "under imminent danger of serious physical injury."

In light of Plaintiff's failure to demonstrate an imminent danger of serious physical harm, the exception to the application of the "three strikes" provision in 28 U.S.C. § 1915(g) does not apply. Consequently, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. # 5) should be denied, and Plaintiff's action should be dismissed without prejudice unless he pays the full amount of the filing fee.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. # 5) be DENIED and that

Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE unless Plaintiff pays the full $400.00 filing fee on or before ___July 16th___, 2015. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by _July 16th_, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___26th___ day of ___June___, 2015.

*[signature: Gary M. Purcell]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE